# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
#### 1:19-CV-00080-MOC-WCM

| | |
|---|---|
| JILLIAN WEBSTER, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ANDREW M. SAUL, )<br>**Commissioner of Social Security,** )<br>)<br>Defendant. )<br>_____) | **ORDER** |

**THIS MATTER** comes before the Court on judicial review of a final decision of the Commissioner of Social Security denying Plaintiff Jillian Webster's applications for disability insurance benefits and supplemental security income. Plaintiff filed a Motion for Summary Judgment, requesting an order of reversal and remand for rehearing. (Doc. No. 9). The Commissioner in turn filed a Motion for Summary Judgment, requesting affirmance. (Doc. No. 12). In a Memorandum and Recommendation, Magistrate Judge Metcalf determined Plaintiff's motion should be denied and the Commissioner's should be granted. (Doc. No. 16). Plaintiff filed an objection, asserting the ALJ failed to create a logical bridge connecting the evidence to his ultimate findings of non-disability. (Doc. No. 20). As explained below, the Court agrees with Plaintiff and will thus remand this case to the ALJ for a decision consistent with this Order.

Magistrate Judge Metcalf's Memorandum and Recommendation carefully discusses the administrative record and the ALJ's final decision. The litigants do not object to that discussion, so the Court incorporates it for this review. See 28 U.S.C. § 636(b)(1); see also United States v. De Leon-Ramirez, 925 F.3d 177, 181 (4th Cir. 2019). Instead, Plaintiff complains that the ALJ failed to logically explain how he ultimately concluded: (1) that Plaintiff suffers only moderate

limitations in concentration, persistence, and pace; and (2) that those limitations do not preclude Plaintiff from working on a regular and continuing basis. (Doc. No. 20).

When evaluating a claimant's disability, the Commissioner has a duty to consider and explain what effect limitations in concentration, persistence, and pace will have on the claimant's residual functional capacity. See Mascio v. Colvin, 780 F.3d 632, 638 (4th Cir. 2015). A proper explanation must highlight pertinent evidence, draw conclusions from that evidence, and provide a logical explanation linking the evidence to the ultimate conclusion. See Thomas v. Berryhill, 916 F.3d 307, 311 (4th Cir.), as amended (Feb. 22, 2019); Woods v. Berryhill, 888 F.3d 686, 694 (4th Cir. 2018). Where the ALJ fails to provide a logical explanation, it "frustrates [the Court's] ability to conduct meaningful appellate review, requiring [it] to vacate and remand." Thomas, 916 F.3d at 312. Otherwise, the Court would "substitute its judgment for that of the agency." Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 30 (1983).

When evaluating Plaintiff's impairments at step three of the five-step sequential evaluation process, the ALJ found that Plaintiff suffered from only moderate limitations in concentration, persistence, and pace. (Doc. No. 8-1 at 27). In so finding, the ALJ reasoned that, although Plaintiff "reported some difficulty with her memory and completing tasks due to limited concentration and focus, . . . she was able to watch television and use the internet properly," and "could handle money and pay bills [when] she has the finances." (Id.). And when evaluating how these limitations affected residual functional capacity, the ALJ discounted concerns about Plaintiff's "decreased concentration," noting "she indicated she could handle her own personal care, take medications, care for pets, perform household chores, prepare daily meals, watch television, shop, and use the internet." (Id. at 31). The ALJ did not otherwise explain how he determined that she suffered

2

from only moderate limitations in concentration, persistence, and pace. Nor did the ALJ explain why these limitations do not preclude Plaintiff from working on a regular or continuing basis.

Standing alone, "the ability to perform sporadic daily activities is not inconsistent with a claim of disability." Reinhardt v. Colvin, No. 3:14-CV-488, 2015 WL 1756480, at *4 (W.D.N.C. Apr. 17, 2015) (citing Totten v. Califano, 624 F.2d 10 (4th Cir. 1980)). Consequently, "an ALJ must explain how he determined that performing a certain activity for a short period translates into an ability to perform a different activity for a full workday." Id.; see Brown v. Comm'r Soc. Sec. Admin., 873 F.3d 251, 263 (4th Cir. 2017) (holding an ALJ erred by discrediting a claimant's symptom testimony based on "daily activities" where the "ALJ did not acknowledge the extent of those activities" and "provided no explanation as to how those particular activities . . . showed that he could persist through an eight-hour workday"). That required explanation was lacking here.

Attempting to avoid this result, the Commissioner points out that the ALJ elsewhere observed Plaintiff generally has "good cognition." (Doc. No. 8-1 at 32). Indeed, some record evidence suggests that Plaintiff's cognition generally—and concentration specifically—is not impaired. (See Doc. No. 17 at 9 n.3 (collecting such evidence)). Still, as the ALJ acknowledged, other evidence shows Plaintiff suffers from "decreased concentration." (Doc. No. 8-1 at 31; see id. at 27 (citing Exhibits B4E and B9E)). In his decision, the ALJ weighed the conflicting evidence and found that Plaintiff suffered moderate limitations in concentration, persistence, and pace. (Doc. No. 8-1 at 23). The Court will not circumvent shortcomings in the ALJ's limitations analysis by simply ignoring that finding. See State Farm, 463 U.S. at 43 (recognizing courts "may not supply a reasoned basis for the agency's action that the agency itself has not given").

In sum, the ALJ's decision failed to explain why Plaintiff's sporadic daily activities translated into an ability to perform different activities for a full workday. This failure frustrates

3

the Court's review. Because reviewing courts do not reweigh conflicting evidence or substitute their judgment for that of the ALJ, the Court will remand the case and allow the ALJ to evaluate the evidence in the first instance. See Radford v. Colvin, 734 F.3d 288, 296 (4th Cir. 2013).

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Objection to the Memorandum and Recommendation (Doc. No. 20) is **SUSTAINED**, Plaintiff's Motion for Summary Judgment (Doc. No. 9) is **GRANTED**, and the Commissioner's Motion for Summary Judgment (Doc. No. 12) is **DENIED**. Pursuant to the power of this Court to enter a judgment affirming, modifying, or reversing the decision of the Commissioner under 42 U.S.C. § 405(g), the ALJ's final decision is **REVERSED**, and this case is hereby **REMANDED** to the Commissioner of Social Security for a decision consistent with this Order.

Signed: March 23, 2020

Max O. Cogburn Jr
United States District Judge